### Z. B. THOMASON ET AL. v. FRANK CRAWFORD ET AL.

Decided May 18, 1907.

**1.—Sequestration—Damages—Venue.**

In a suit for damages for the wrongful seizure of property under a writ of sequestration the venue may be laid in the county where one or more of the defendants, who assisted the officer in levying the writ, reside.

**2.—Same—Statute Construed.**

In the matter of a suit for damages for the unlawful levying of a writ of attachment or sequestration the language of subdivision 8 of article 1194, Sayles's Statutes, is not mandatory as to venue, and there is no reason why it should prevail to the exclusion of subdivision 4 of the same article allowing suit to be brought in any county where one or more of several defendants reside.

Appeal from the District Court of Jones County. Tried below before Hon. H. R. Jones.

*C. H. Steele* and *Thomason & Thomason,* for appellants.—Where there are two or more defendants residing in different counties a suit may be brought in any county where any one or more of the defendants reside. Subdivision 4, art. 1194, Sayles Rev. Stats.; Dublin Cotton Oil Co. v. Robinson, 50 S. W. Rep., 1054; Cardwell v. Masterson, 66 S. W. Rep., 1122; Lyons v. Daugherty, 26 S. W. Rep., 146.

*H. G. McConnell,* for appellees.—The fact that two or more of the defendants reside in different counties does not have the effect to

authorize suits to be brought in any county where one or more of the defendants reside, provided the suit is brought for damages arising out of the suing out or levy of a writ of sequestration, which suing out and levy were made in a county different from that in which suit is brought. Sayles' Civ. Stat., art. 1194, subdiv. 8; Focke v. Blum, 82 Texas, 436; Baines v. Jemison, 86 Texas, 118.

SPEER, ASSOCIATE JUSTICE.—This is an action for damages instituted by appellants against appellees, charging the unlawful, wrongful and malicious seizure and conversion of a house and stock of goods in the town of Haskell. The defendants Frank Crawford, John Crawford, Sam Crawford and W. H. Crawford resided at the time of the institution of the suit in Jones County, while all the other defendants resided in Haskell County. The Haskell County defendants pleaded to the jurisdiction of the District Court of Jones County and their plea was sustained, whereupon this appeal was perfected.

The plea alleged in substance that this is a suit for damages growing out of the suing out of a writ of sequestration and the levy of such writ in Haskell County and that the defendants, the Crawfords, had no connection whatever with the transaction alleged by plaintiff and that they were fraudulently joined for the purpose of conferring jurisdiction on the District Court of Jones County. Appellees seem to predicate their right to an affirmance of the judgment on subdivision 8 of article 1194, Sayles' Texas Civil Statutes, prescribing the venue of suits, which reads: "Any suit for damages growing out of the suing out of any writ of attachment or sequestration or for the levy of any such writ may be brought in any county from which such writ was issued, or in any county where such levy was made in whole or in part within this State." Appellants insist that since they were not all parties to the Haskell County suit, which was instituted by defendant Robertson, the article should not control; but we find it unnecessary to determine whether this is or is not a suit for damages growing out of the suing out and levy of a writ of sequestration in Haskell County, since if it is, we see no reason why the suit may not be maintained in Jones County, where several of the defendants reside. It will be noticed that the language of the statute above quoted, conferring jurisdiction on the courts of Haskell County, is not at all mandatory and there is no reason why it should prevail to the exclusion of subdivision 4 of the same article, which provides: "Where there are two or more defendants residing in different counties, in which case the suit may be brought in any county where any one of the defendants resides." What we have said of course presupposes that the allegation of fraud in joining the Crawfords in the suit has not been sustained. We have searched the record in vain for any evidence whatever tending to show that they were fraudulently named as defendants for the purpose of conferring jurisdiction on the District Court of Jones County. From the allegations of the plea of privilege we learn that in executing the writ of sequestration out of which this suit is alleged to have arisen, the sheriff of Haskell County, one of the defendants in this case, employed his codefendants, the Crawfords, to assist him in removing

a house and stock of goods from a certain lot described in the writ, and that they did actually assist him in this work. If the levy was unlawful and appellants were damaged in consequence, we see no reason why the acts of the Crawfords did not make them liable to him for such damages. The judgment of the District Court is therefore reversed and the cause remanded for a trial on the merits.

*Reversed and remanded.*

Conner, Chief Justice, not sitting.